## Orr *v.* Griffith, Appellant.

*Practice, C. P.—Trial—Charge.*

1. Where at the trial of a cause the defendant presents no points to the court and makes nothing in the way of suggestion during the delivery of the charge as to any overstatement of facts, or understatement of the defendant's case, he will not be heard on appeal to complain that the court gave too much prominence to the plaintiff's case, and omitted to charge the jury as to the law applicable to the questions submitted to them.

*Negligence—Damages—Evidence.*

2. Where in an accident case it appeared that the plaintiff's leg was broken and that the defendant was negligent, the defendant cannot complain that the verdict was excessive where the amount allowed by the jury was little more than what the plaintiff had actually expended in physicians' and hospital bills.

Argued April 13, 1911. Appeal, No. 57, April T., 1911, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1907, No. 436, on verdict for plaintiff in case of John H. Orr v. W. J. Griffith. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KENNEDY, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* were various instructions, and that the charge was inadequate.

*A. S. Moorhead,* of *Dunn & Moorhead,* for appellant.

*Meredith R. Marshall,* with him *Thos. M.* and *Rody P. Marshall,* for appellee.

OPINION BY BEAVER, J., May 11, 1911:

Plaintiff was in the employ of the defendant, in distributing merchandise to, and collecting bills from, his customers. In the discharge of the duties of his employment, the plaintiff drove a horse belonging to the defendant. On the morning of the day on which the accident occurred, for the recovery of damages for which this action is brought, the plaintiff alleged that he had notified the defendant that the horse was a dangerous animal to drive, being balky and uncertain, and that he kicked. He alleges that defendant assured him the horse was all right and that he should "take him out on the road for a while and he will be all right." The plaintiff alleged that, relying upon the assurance of the defendant, he went about his usual work connected with his employment and that in the course of the day when engaged in this work the horse, without any provocation on his part, kicked over the dashboard, breaking one of his legs in such a serious manner that he was entirely unable for twenty months to continue his usual work. The testimony was that he had expended nearly $400 in cash in medical attendance, an operation in the hospital, etc., that his usual earning capacity was about $12.00 per week and that he had much of pain and suffering. The defendant denied all of the plaintiff's allegations in regard to the character of the horse and any notice or knowledge on his part of any viciousness or previous bad conduct of the horse and of his assurance that he was or would be all right. There was no special denial of the length of time for which the plaintiff was necessarily kept from his usual ability to earn his ordinary wage rate or of the serious character of the injury or the money which he had expended in consequence thereof.

In the orderly disposition of the case, three questions arose: Was the defendant negligent? Did the plaintiff contribute in any way to the accident by his own negligence? And third, what was the proper measure of damages, in case the jury found the defendant negligent

and that the plaintiff did not contribute by his negligence to the accident?

A careful reading of the charge of the trial judge, of which complaint is made in the assignments of error, leads us to the conclusion that the case was fairly tried, that all of the facts were submitted to the jury necessary to enable them to reach a fair conclusion in regard to it, and that, if there was a failure on the part of the court to properly instruct them, it affected the plaintiff rather than the defendant. The instructions in regard to damages are very general, but the elements which enter into a case of this kind were fairly stated and were summed up at the close of the charge in the general expression: "Then your verdict must be for the plaintiff in such an amount as would compensate him for the injuries." So far as the charge being argumentative in favor of the plaintiff, we are quite satisfied it was the other way. The court said, covering the whole case: "According to the testimony, the first thing this man did, after he had been injured in this way, was to get into his wagon and drive from Forty-eighth and Butler streets to the store on Third avenue, drove this dangerous horse, this horse that he had claimed was dangerous and had a disposition to kick. Would he likely do that, if this was an unsafe or dangerous horse, with a disposition to kick, as he said? He drove him down there, all that distance, in safety, after the accident. When he got there, according to the testimony of Mr. Griffith (plaintiff denies this) but according to the testimony of Mr. Griffith, and also another witness who was present at the time, he was asked how this happened. Seeing the man was injured, he was helped out of the wagon, with his leg bound up with the splint, and he was helped to a seat, and, being asked how it happened, he said there was some fire engine following him, and to get out of the way he gave the horse a sudden lash in the flank with his whip, and the horse kicked, as almost any horse would. That was his explanation, according to the testimony of Mr. Griffith and this other

witness, whose name I do not recall now.  Now if that is the way the accident occurred, of course, Mr. Orr cannot recover in this action; that shows no viciousness on the part of this horse, and no disposition to kick, otherwise than almost any horse would do.  It seems the only complaint the plaintiff ever made before about the horse was that he was slow.  Those are all the circumstances of the case, and unless you are satisfied by the evidence of the plaintiff, that the defendant was negligent in the manner I have 'described, your verdict must be for the defendant; if you are satisfied he was negligent, then your verdict must be for the plaintiff in such an amount as would compensate him for the injuries."

We find no serious lack of adequate instructions anywhere in the case.  The excerpts from the charge assigned for error are, in the main, fair and full.  If, however, the verdict had been the other way, it seems to us the plaintiff would have had much more cause to complain than has the defendant.  The verdict was for little more than what the plaintiff had actually expended in physicians' and hospital bills, so that the question of negligence on the part of the defendant having been established to the satisfaction of the jury, without which they could not, under the charge, have found in any amount for the plaintiff, we think the defendant had no real cause for. complaint and that the plaintiff might, with equal or greater propriety, have appealed.

The defendant presented no points to the court, and made nothing in the way of suggestion during the delivery of the charge as to any overstatement of facts or understatement of the defendant's case.

There is no specific objection to what was said by the court as to the law of the case, but, in the first assignment, the defendant charges: "The charge of the court as a whole was not a fair and adequate presentation of the case, especially in that too much prominence was given to plaintiff's testimony of the alleged assurance of defendant that the horse was safe and his reliance upon it as the

cause of the injury; and in that there was an entire omission on the part of the court to instruct the jury as to the law applicable to the questions submitted to them." This assignment is so general in its character and is so lacking in direct specification as to what particular part of the law relating to the case was omitted that we are not able to reach any definite conclusion as to the thought in the mind of the appellant's counsel.

All the other assignments, except the last, relate to parts of the charge in which we find no reversible error.

The last specification relates to the denial of the defendant's motion for a new trial and that for judgment n. o. v., and the question being clearly one for the jury and there being no excessive verdict, we can see no adequate ground for complaint of the court below in entering judgment upon the verdict.

Judgment affirmed.